## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ASHLEY McCULLOUGH DEDEAR | § | |
| | § | |
| VS. | § | CIVIL NO. 4:18-cv-002107 |
| | § | |
| TACO BELL OF AMERICA, LLC | § | |

### *On Removal from:*

### CAUSE NO. 2018-38930

| | | |
|---|---|---|
| ASHLEY McCULLOUGH DEDEAR | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TACO BELL OF AMERICA | § | 333RD JUDICIAL DISTRICT |

### EXHIBIT 3

### ALL DOCUMENTS FILED IN STATE COURT

| Tab | Document Name | File Date |
|---|---|---|
| 1. | Plaintiff's Original Petition and Requests for Disclosure | 6/12/18 |
| 2. | Defendant's Original Answer | 6/21/18 |
| 4. | Defendant's Notice of Removal to Federal Court | 6/22/18 |

# EXHIBIT 3-1

# 2018-38930 / Court: 333

6/12/2018 10:14 AM
Chris Daniel - District Clerk Harris County
Envelope No. 25219054
By: Miaeda Hutchinson
Filed: 6/12/2018 10:14 AM

CAUSE NO. _____

| | | |
|---|---|---|
| **ASHLEY MCCULLOUGH DEDEAR** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **TACO BELL OF AMERICA** | § | |
| | § | |
| *Defendant.* | § | |
| | § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **ASHLEY MCCULLOUGH DEDEAR**, hereinafter referred to as "Plaintiff," and files this her Original Petition complaining of **TACO BELL OF AMERICA, LLC.** hereinafter referred to as "Defendant," and for cause of action would respectfully show the Court as follows:

### I.

### DISCOVERY CONTROL PLAN

1.      Plaintiff intends that discovery be conducted under Level 2 and affirmatively pleads that she seeks monetary relief aggregating more than $50,000.

### II.

### PARTIES

2.      Plaintiff is an individual residing in Harris County, Texas.

3.      Defendant, **TACO BELL OF AMERICA** is a Foreign For-Profit Corporation who may be served with process by serving its registered agent, Taco Bell of America, P. O. Box 35370, Louisville, KY 40232.  Plaintiff requests service of citation by certified mail at this time.

III.

**MISNOMER/ALTER EGO**

4.      In the event any parties are misnamed or are not included herein, it is Plaintiff's

contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter

egos" of parties named herein.  Alternatively, Plaintiff contends that any "corporate veils" should

be pierced to hold such parties properly included in the interest of justice. Pursuant to Texas Rule

of Civil Procedure 28, Plaintiff reserves the right to substitute this Defendant's true name, if

different than the foregoing, after adequate time for discovery.

IV.

**JURISDICTION AND VENUE**

5.      This court has jurisdiction over the cause because the amount in controversy is

within the jurisdictional limits of this Court.

6.      Venue is proper in Harris County, Texas pursuant to § 15.002 of the Texas Civil

Practice & Remedies Code because the acts and/or omissions giving rise to Plaintiff's action

occurred, in whole or in part, in Harris County, Texas.

V.

**FACTS**

7.      Plaintiff brings this suit to recover damages for personal injuries sustained by the

Plaintiff wherein Plaintiff was an invitee of Defendant's restaurant located at 7502 Highway 6 N,

Houston, Texas 77095.  Specifically, on or about April 16, 2017, Ms. DeDear entered the building,

went to the restroom first, then proceeded to the counter to order her food. After making her order

she turned from the counter to walk towards the fountain drink area to get her drink.  Unbeknownst

to Ms. DeDear, Defendant's employees failed to clean up a large puddle on the ground in the area

of the drink machines and failed to put a wet floor sign up near the liquid on the floor. As Ms. DeDear went to towards the fountain drink machine she slipped and fell suffering injuries.

8. At the time of the incident in question, Defendant owned and controlled the premises in question. At no time did Plaintiff do or fail to do anything which caused, or in any way contributed to, the incident at issue. Plaintiff received no warning prior to the incident and was without fault. Said incident was proximately caused by the Defendant and/or Defendant's agents, servants, employees and/or representatives' negligence.

## VI.

## NEGLIGENCE

9. Plaintiff was on Defendant's premises at the express or implied invitation of Defendant and had entered thereon for the sole benefit of the Defendant. Defendant owed a duty to Plaintiff to exercise ordinary care in its ownership, possession, operation, control, maintenance and use of Defendant's premises to reduce or eliminate unreasonable risks of harm, which Defendant knew about or in the exercise of ordinary care should have known about.

10. As a matter of routine, Defendant should never have created or allowed the slip hazard to remain where Defendant knew or should have known customers could slip and fall in it. Defendant should have immediately corrected the slip and fall hazard in a timely manner but failed to do so. Defendant acting through its agents, servants, and employees failed to use the degree of care which an owner or occupier would have used under the same or similar circumstances. Specifically, Defendant breached its duty of ordinary care by creating and then allowing the slip and fall hazard to remain in the walk way and not promptly assuring that Defendant's customers had a safe surface on which to walk and move about the store. Defendant's failure to exercise

reasonable care proximately caused the incident in question and resulting damages. Therefore, Defendant is negligent in:

     a.    Creating a dangerous condition and failing to warn of the condition or make it safe;

     b.    Failing to promptly remove and secure the slip and fall hazard;

     c.    Failing to maintain a safe property;

     d.    Failing to exercise reasonable care to avoid a foreseeable risk of injury to Plaintiff and other patrons of the establishment;

     e.    Failing to maintain a property free from unnecessary hazards;

     f.    Failing to properly supervise the operation of its store;

     g.    Failing to maintain a proper number of employees to patrol the store;

     h.    Failing to properly train its employees;

     i.    Failing to maintain or inspect the premises;

     j.    Failing to warn Plaintiff and the public of an unreasonably dangerous condition;

     k.    Permitting the area to remain in its dangerous state; and

     l.    Other acts deemed negligent.

11.    The above acts, errors and omissions of Defendant and those of its agents, servants and employees constituted negligence. Such negligence caused Plaintiff to sustain injuries and damages for which she now sues. At all relevant times, Defendant's agents, servants and employees were acting in the course and scope of their employment with Defendant. Defendant is therefore vicariously liable for all acts of its employees, agents and representatives under the theory of *respondeat superior*.

12.    Defendant further agreed, based on the nature of the business, to comply with recognized federal, state, and location rules, policies, safety guidelines and industry standards in the operation of their business. Defendant was also aware that they had to hire and train competent and qualified employees, as well as supervise same. Defendant undertook this task with

knowledge that it was necessary for the protection and safety of others. After having undertaken such a task, Defendant failed to exercise reasonable care in performing the undertaking. Plaintiff relied on Defendant's undertaking, and Defendant's unsuitable performance of the undertaking increased Plaintiff's risk of harm. As a direct and proximate result of Defendant's negligence in undertaking policies and procedure for the safe operation of floor maintenance, Plaintiff suffered injuries. Defendant is therefore liable for negligent undertaking. Each of the foregoing acts and/or omissions of Defendant, singularly or in combination, constituted negligence and were a proximate cause of Plaintiff's injuries and damages.

## VII.

## DAMAGES

13.     As a result of the incident made the basis of this lawsuit and the negligence of Defendant, Plaintiff suffered injuries and damages.

14.     Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff affirmatively pleads that she is seeking damages in excess of $100,000.00 for:

a.     Physical impairment in the past and future;

b.     Physical pain and suffering incurred in the past and future;

c.     Mental anguish incurred in the past and future;

d.     Medical expenses incurred in the past and future;

e.     Disfigurement sustained in the past and, in all reasonable probability, that Plaintiff will sustain in the future;

f.     Such other general and special damages as may be recoverable at law.

## VIII.

### REQUEST FOR DISCLOSURES

15.    Under Texas Rule of Civil Procedure 194, Plaintiff hereby requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## IX.

### RULE 193.7 NOTICE

16.    Plaintiff gives notice to Defendant that he intends to use all discovery responses as evidence at trial in accordance with such right and privileges established by Texas Rules of Civil Procedure 193.7.

## X.

### SPOLIATION

17.    Defendant is hereby requested to retain any and all witness statements, incident reports, videos, photographs, facsimiles, email, voice mail, text messages, and any electronic image or information related to the referenced incident and all investigative materials associated with this claim, together with all surveillance tapes of the premises on the date of this incident. Plaintiff further requests Defendant provide a copy of the surveillance video.

## XI.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, **ASHLEY MCCULLOUGH DEDEAR** requests that Defendant be cited to appear and answer herein, that Plaintiff receive judgment against Defendant in a sum within the jurisdictional limits of this this Court, with pre-

judgment and post-judgment interest at the highest rate allowed by law, costs of suit, and such

other and further relief, legal and equitable, to which he may show himself justly entitled.

Respectfully submitted,

*CROCKETT LAW, P.C.*

By: ___ /s/ Chance Marshall ___
      **Brian H. Crockett**
      State Bar No. 24074094
      **Chance Marshall**
      State Bar No. 24102142
      9900 Westpark Dr. Ste 200
      Houston, Texas 77063
      (281) 953-1180 - Telephone
      (281) 953-1186 – Facsimile
      brian@crockettlawfirm.com
      chance@crockettlawfirm.com

**ATTORNEYS FOR PLAINTIFF
ASHLEY MCCULLOUGH DEDEAR**

# EXHIBIT 3-2

6/21/2018 2:19 PM
Chris Daniel - District Clerk Harris County
Envelope No. 25460917
By: Kenya Kossie
Filed: 6/21/2018 2:19 PM

## CAUSE NO. 2018-38930

| | | |
|---|---|---|
| **ASHLEY MCCULLOUGH DEDEAR**, | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **TACO BELL OF AMERICA**, | § | |
| | § | |
| *Defendants.* | § | **333ᴿᴰ JUDICIAL DISTRICT** |

---

## DEFENDANT'S ORIGINAL ANSWER

---

TO THE HONORABLE JUDGE OF THIS COURT:

**Taco Bell of America, LLC**, a Defendant in the above-styled and numbered cause ("Defendant"), files this Original Answer to Plaintiff's Original Petition, and respectfully shows the Court as follows:

### I.

### GENERAL DENIAL

1.     As permitted by Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a general denial of all the matters pled by Plaintiff Ashley McCullough Dedear ("Plaintiff"), and requests that the Court require Plaintiff to prove all of her charges and allegations by a preponderance of the evidence as required by the Constitution and laws of the State of Texas.

---

## II.

### AFFIRMATIVE DEFENSES

2.      By way of affirmative defense, if the same should be necessary, and as permitted by Rule 94 of the Texas Rules of Civil Procedure, Defendant asserts the following as to the claims and causes of action brought against it by Plaintiff.

3.      Defendant specifically invokes the doctrine of comparative responsibility pursuant to chapter 33 of the Texas Civil Practice and Remedies Code, as applied by the courts in the State of Texas. Defendant would show that if Plaintiff's damages occurred as alleged, which Defendant denies, then the damages were directly and proximately caused by the acts and/or omissions of entities or individuals, including Plaintiff, and third parties for whom Defendant is not responsible, and such acts were the sole cause, proximate cause, producing cause, and/or new and independent cause of Plaintiff's alleged damages, if any.

4.      Pleading further and in the alternative, Defendant alleges it is not liable to Plaintiff because Defendant did not breach any legal duties owed to Plaintiff.

5.      Pleading further and in the alternative, Defendant alleges it is entitled to a credit or offset for all monies or consideration paid to Plaintiff by virtue of any type or form of settlement agreement entered into by and between Plaintiff and Defendant or any other defendant, settling person, responsible third party or any other person or entity not a party to this lawsuit. Defendant therefore asserts the affirmative defenses of offset, credit, and/or payment to the extent applicable.

6.      Pleading further and in the alternative, Defendant alleges that the injuries and damages Plaintiff alleges she sustained in this action, which Defendant denies, were caused, in whole or in part, by Plaintiff's conduct, intentional acts, comparative responsibility or comparative negligence, assumption of risk, and want of care.

7.      Pleading further and in the alternative, Defendant alleges that the injuries and damages Plaintiff alleges she sustained in this action, which Defendant denies, were caused, in whole or in part, by the acts (wrongful or otherwise), negligence, sole fault, misuse, abuse, omission, or fault of one or more persons or entities, including, without limitation, Plaintiff, over whom Defendant exercised no control and for whom Defendant is not legally responsible.

8.      Pleading further and in the alternative, Defendant would show that the incident in question may have been caused by acts or omissions attributable to third parties over whom Defendant had no control, and for whose conduct Defendant cannot be responsible at law.

9.      Pleading further and in the alternative, Defendant alleges that discovery in this case may show that Plaintiff failed to mitigate her damages as required by applicable law and Plaintiff's claims and causes of action may therefore be barred in whole or in part.

10.     Pleading further and in the alternative, Defendant claims it is entitled to all lawful settlements, credits, and offsets, including but not limited to, those set forth in sections 33.012 and 41.0105 of the Texas Civil Practice and Remedies Code.

Defendant further alleges it is entitled to contribution from any later-added defendants, third-party defendants or responsible third parties and/or a credit for any amounts paid by any settling persons pursuant to the provisions of chapters 32 and 33 of the Texas Civil Practice and Remedies Code. If a tortfeasor reaches a settlement with Plaintiff, then Defendant reserves the right to make a written election of credit for settlement under section 33.014 of the Texas Civil Practice and Remedies Code. Defendant further reserves its right to submit issues to the jury of the alleged negligence of any other defendants, third-party defendants and responsible third parties in this case, and/or any settling defendants or designated responsible third parties.

11.     By way of further answer, in the unlikely event Defendant is found at fault, Defendant invokes its legal right to contribution in accordance with the provisions of Tex. Civ. Prac. & Rem. Code §§ 32.001, *et seq.* and §§ 33.015-.016.

12.     By way of further answer, in the unlikely event Defendant is found at fault, Defendant pleads the applicability of section 304.003 of the Texas Finance Code with regard to the proper statutory computation of post-judgment interest. Pursuant to section 304.103, the pre-judgment interest rate is the same as the post-judgment interest. Furthermore, pursuant to section 304.1045 of the Texas Finance Code, pre-judgment interest is not recoverable on a finding, if any, of future damages found by the trier of fact.

## IV.

13.     Defendant gives notice of its intent to use documents and other tangible things produced in discovery against the party or parties producing the same. The authenticity of such items is self-authenticated pursuant to Texas Rule of Civil Procedure 193.7.

### PRAYER

Defendant Taco Bell of America, LLC, having fully answered, prays that it be dismissed with prejudice from this cause, that it receive judgment for its costs of suit and attorneys' fees incurred in this action, that Plaintiff Ashley McCullough Dedear take nothing by way of this action, and that the Court grant such other and further relief to which such Defendant may be justly entitled.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By:  */s/   William R. Pilat*
         William R. Pilat
         State Bar No. 00788205
         Email:  wpilat@krcl.com
         Andrew J. Mihalick
         State Bar No. 24046439
         Email: amihalick@krcl.com
5051 Westheimer Road, Suite 1000
Houston, Texas 77056
Telephone:  713-425-7400
Facsimile:   713-425-7700

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 21, 2018, a true and correct copy of the foregoing *Defendant's Original Answer* was served upon to all other counsel of record, including those listed below, by filing this pleading with the electronic service provider for the Harris County District Courts:

Brian H. Crockett
Chance Marshall
CROCKET LAW, P.C.
9900 Westpark Drive, Suite 200
Houston, Texas 77063

　　　　　　　　　　　　　*/s/   William R. Pilat*
William R. Pilat

---

# EXHIBIT 3-3

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **ASHLEY McCULLOUGH DEDEAR**, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **CIVIL NO. 4:18-cv-002107** |
| | § | |
| **TACO BELL OF AMERICA**, | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANT TACO BELL OF AMERICA, LLC'S
<u>NOTICE OF REMOVAL</u>**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§ 1332, 1441(b) and 1446(a), **Taco Bell of America, LLC**, the Defendant in the above-numbered and styled case, file this Notice of Removal from the District Court of Harris County, Texas, 333rd Judicial District, to the United States District Court for the Southern District of Texas, Houston Division.

<u>**INTRODUCTION**</u>

1.     Plaintiff is Ashley McCullough Dedear ("Plaintiff").

2.     The Defendant is Taco Bell of America, LLC ("Defendant").

3.     Plaintiff commenced this personal injury lawsuit on June 12, 2018. Plaintiff asserted various premises liability/negligence claims arising out of her alleged slip-and-fall, on April 16, 2017, at a Taco Bell restaurant located at 7502 Highway 6 North in Houston, Texas.

**A.**     **Venue is proper.**

4.     Pursuant to 28 U.S.C. § 1441(a), this action may be removed to this Court because it is the district and division embracing Harris County, Texas, the county in which the state court action is pending.

**B.**     **Removal is timely.**

5.     Plaintiff obtained service of process upon Defendant on June 12, 2018. Defendant is therefore timely filing this Notice of Removal, as they are removing this action "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

**C.**     **Complete diversity of citizenship exists.**

6.     This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332(a) and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446. Complete diversity exists in this case because Plaintiff and Defendant are citizens of different states.

**(i)**     **Plaintiff**

7.     As stated in Plaintiff's Original Petition, Plaintiff is an individual residing in Harris County, Texas. Thus, at the time Plaintiff commenced this action, she was a citizen of the State of Texas.

    **(ii)**    **Defendant**

8.    Defendant is a limited liability company formed under the laws of the state of Delaware, having its principal place of business now and at the time this action was commenced in Irvine, California. The citizenship of a limited liability company, however, is determined by the citizenship of all of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Defendant's sole member is YUM! Brands, Inc., a North Carolina corporation with its principal place of business in Louisville, Kentucky. Thus, at the time this action was commenced, Defendant was a citizen of the states of North Carolina and Kentucky, and of no other state.

**E.**    **The amount in controversy exceeds $50,000.**

9.    Plaintiff alleges in Plaintiff's Original Petition that she seeks monetary relief in an amount of "more than $100,000." Pl.'s Orig. Pet. ¶ 1.

10.    Plaintiff therefore seeks damages, exclusive of interest and attorney's fees, in excess of the jurisdictional minimum of $75,000.

**F.**    **Removal is appropriate under the Court's diversity jurisdiction.**

11.    In light of these facts, the state court claim may be removed to this Court because: (a) this action is a civil action pending within the jurisdiction of the United States District Court for the Southern District of Texas; (b) none "of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought," 28 U.S.C. § 1441(b)(2); and (b) the amount in controversy exceeds $75,000, exclusive of interests and costs.

---

<u>FILING OF REMOVAL PAPERS</u>

12.     Pursuant to 28 U.S.C. § 1446(d), Defendant is providing written notice of the filing of this Notice of Removal to all other counsel of record. Further, such Defendant is filing a copy of this Notice of Removal with the Clerk of the 333th Judicial District Court of Harris County, Texas, where Plaintiff commenced this action.

13.     Defendant is filing the following items concurrently with this Notice of Removal, or attaching them to this Notice of Removal as required by Southern District of Texas Local Rule 81: (a) a completed civil cover sheet, JS-44 (**Exhibit 1**); (b) all executed process in the case (**Exhibit 2**); (c) all pleadings asserting causes of action (**Exhibit 3**); (d) any orders signed by the state judge (**none**); (e) a copy of the docket sheet in the state court action (**Exhibit 4**); and (f) a list of all counsel of record (**Exhibit 5**).

<u>CONCLUSION</u>

14.     Defendant Taco Bell of America, LLC, gives notice to the Court of its removal of the above-captioned action from the 333th Judicial District Court of Harris County, Texas, and requests that further proceedings be conducted in the United States District Court for the Southern District of Texas, Houston Division, as provided by law.

Dated:  June 22, 2018

Respectfully submitted,

_____/s/   William R. Pilat_____
William R. Pilat
Texas Bar No. 00788205
S.D. Tex. Admission No. 18655
KANE RUSSELL COLEMAN LOGAN PC
5051 Westheimer Road, Suite 1000
Houston, Texas 77056
Telephone:  713-425-7400
Facsimile:   713-425-7700
Email:  wpilat@krcl.com

**ATTORNEY-IN-CHARGE FOR DEFENDANTS
TACO BELL OF AMERICA**

**Of Counsel:**

Andrew J. Mihalick
Texas Bar No. 24046439
S.D. Tex. Admission No. 595221
KANE RUSSELL COLEMAN LOGAN PC
5051 Westheimer Road, Suite 1000
Houston, Texas 77056
Telephone:  713-425-7400
Facsimile:   713-425-7700
Email:  amihalick@krcl.com

## CERTIFICATE OF SERVICE

I certify that on June 22, 2018, a true and correct copy of the foregoing pleading was forwarded to all other counsel of record, as listed below, through the electronic case filing system of the United States District Court for the Southern District of Texas:

Brian H. Crockett
Chance Marshall
CROCKETT LAW, P.C.
9900 Westpark Drive, Suite 200
Houston, Texas 77063

_____/s/   William R. Pilat_____
William R. Pilat